

U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

December 29, 2006

The Honorable Sue L. Robinson
Chief United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re: **United States v. Yolanda Bleen**
          **Criminal Action No.   06-98-SLR**

Dear Chief Judge Robinson:

    The defendant has agreed to waive Indictment and change her plea pursuant to the enclosed Memorandum of Plea Agreement and attached Superseding Information. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for 10:00 am on Thursday, January 4, 2007.

                                   Respectfully submitted,

                                   COLM F. CONNOLLY
                                 United States Attorney

                  BY: _____
                           Ilana H. Eisenstein
                           Assistant United States Attorney

Enclosure

cc:    Eleni Kousoulis, Esq.
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :    Cr. A. No. 06-98-SLR |
| | : |
| YOLANDA BLEEN | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H. Eisenstein, Assistant United States Attorney, and the defendant, Yolanda Bleen, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant agrees to plead guilty to Count One of the Superseding Information, which charges her with misdemeanor theft of government property, in violation of Title 18, United States Code, Section 641.

2.    The maximum penalty for this offense is one year of imprisonment, one year of supervised release, a $100,000 fine, restitution, and a $25 mandatory special assessment.

3.    The defendant understands that if there were a trial, the Government would have to prove, with respect to Count I of the Indictment, each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and converted to her own use, (3) a record, voucher, money,

or thing of value, (4) of the United States or any department or agency thereof.

4.      The defendant knowingly, voluntarily, and intelligently admits that from June 2001 to March 2004, in the State and District of Delaware, she stole a total of $4,429.60 in funds of the Social Security Administration, an agency of the United States government, by falsely reporting Social Security Administration benefit checks as lost or stolen and then negotiating both the original checks and the replacement checks.

5.      Based on the defendant's actions to date, the United States agrees that the Court should grant a two-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under United States Sentencing Guideline Section 3E1.1. The United States so agrees because the defendant has timely notified the authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline Section 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6.      The defendant agrees to pay a $25 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Social Security Administration in the amount of $4,429.60.

7.      If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility

Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8.  The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into consideration in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). She understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney, that she will not be allowed to withdraw her guilty plea.

9.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

BY: _____

_____
Eleni Kousoulis, Esquire
Attorney for Defendant

Ilana H. Eisenstein
Assistant United States Attorney

_____
Yolanda Bleen
Defendant

Dated:

**AND NOW** this _____ day of _____, 2007, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Sue L. Robinson, Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Cr. A. No. 06-98-SLR |
| | : |
| YOLANDA BLEEN | : |

**WAIVER OF INDICTMENT**

1. YOLANDA BLEEN, the above named defendant, who is accused of misdemeanor theft of government property, in violation of 18 U.S.C. § 641, being advised of the nature of the charges and of her rights, hereby knowingly, voluntarily and intelligently waives prosecution by indictment and consents that the proceeding may be by information instead of by indictment.

2. The defendant understands that (a) unless she waives indictment, she could not be charged with these offenses unless the Grand Jury found probable cause to believe she committed the offenses and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those grand jurors must find probable cause to believe that the defendant committed these offenses before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with her counsel the charges in the Information, and is satisfied that her counsel has properly explained the charges and this waiver to her.

4. No one has made the defendant any promises or threatened or forced the defendant to waive indictment.

_____          _____
Defendant                                                    Counsel for Defendant

Date:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-98-SLR |
| ) | |
| YOLANDA BLEEN, ) | |
| ) | |
| Defendant. ) | |

## SUPERSEDING INFORMATION

The United States Attorney for the District of Delaware charges that:

### COUNT I

From in or about June, 2001, to in or about March 2004, in the State and District of Delaware, YOLANDA BLEEN, defendant herein, did knowingly and willfully embezzle, steal, purloin, and covert to her own use, money, of the Social Security Administration, an agency and department of the United States, by repeatedly double negotiating benefit checks, in violation of Title 18, United States Code, Section 641.

COLM F. CONNOLLY
United States Attorney

By: _____
Ilana H. Eisenstein
Assistant United States Attorney

Dated: