*Filed in open court*
*fmt 1/4/07*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. A. No. 06-98-SLR |
| | : | |
| YOLANDA BLEEN | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Ilana H. Eisenstein, Assistant United States Attorney, and the defendant, Yolanda Bleen, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count One of the Superseding Information, which charges her with misdemeanor theft of government property, in violation of Title 18, United States Code, Section 641.

2. The maximum penalty for this offense is one year of imprisonment, one year of supervised release, a $100,000 fine, restitution, and a $25 mandatory special assessment.

3. The defendant understands that if there were a trial, the Government would have to prove, with respect to Count I of the Indictment, each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and converted to her own use, (3) a record, voucher, money,

or thing of value, (4) of the United States or any department or agency thereof.

4. The defendant knowingly, voluntarily, and intelligently admits that from June 2001 to March 2004, in the State and District of Delaware, she stole a total of $4,429.60 in funds of the Social Security Administration, an agency of the United States government, by falsely reporting Social Security Administration benefit checks as lost or stolen and then negotiating both the original checks and the replacement checks.

5. Based on the defendant's actions to date, the United States agrees that the Court should grant a two-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under United States Sentencing Guideline Section 3E1.1. The United States so agrees because the defendant has timely notified the authorities of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline Section 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6. The defendant agrees to pay a $25 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Social Security Administration in the amount of $4,429.60.

7. If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility

Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8.　The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into consideration in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). She understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney, that she will not be allowed to withdraw her guilty plea.

9.　It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                                              COLM F. CONNOLLY
                                                              United States Attorney

_Eleni Kousoulis_           BY: _/s/ Ilana H. Eisenstein_
Eleni Kousoulis, Esquire              Ilana H. Eisenstein
Attorney for Defendant               Assistant United States Attorney

_Yolanda Bleen_
Yolanda Bleen
Defendant

Dated: 1-4-07

**AND NOW** this __4th__ day of __January__, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

                                                      _/s/ Sue L. Robinson_
                                    Sue L. Robinson, Chief United States District Judge